# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMMY BAKER, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 19-63 |
| v. | ) Judge Nora Barry Fischer |
| | ) |
| NEW PROSPECT COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this employment case arising out of the oil and gas industry, Plaintiff Tommy Baker, ("Plaintiff"), brings wage and hour claims under the Fair Labor Standards Act and state law against Defendant New Prospect Company, ("Defendant"). (Docket No. 18). Presently before the Court are Defendant's Motion to Dismiss Amended Complaint and Motion to Compel Arbitration, (Docket No. 21), Plaintiff's Response thereto, (Docket No. 24), Defendant's Reply, (Docket No. 26), Plaintiff's Supplemental Brief regarding *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019), (Docket No. 29), and Defendant's Response to Plaintiff's Supplemental Brief, (Docket No. 30). After careful consideration of the parties' arguments and reviewing the arbitration and other relevant provisions set forth in the parties' Offer of Employment from New Prospect Company, (Docket No. 21-1), in light of binding Supreme Court precedent, i.e., *Lamps Plus*, *supra*, and, *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531, 202 L. Ed. 2d 480 (2019), as well as prior decisions of this Court, i.e., *Berryman v. Newalta Envir. Serv., Inc.*, Civ. A. No. 18-793, 2018 WL 5723290 (W.D. Pa. Nov. 1, 2018), and *Kubischta v. Schlumberger Tech. Corp.*, Civ. A. No. 15-1338, 2016 WL 3752917 (W.D. Pa. Jul. 14, 2016), Defendant's Motion [21] is granted, for the following reasons.

At the outset, the Court notes that it dispenses with a lengthy recitation of the facts as it

writes primarily for the parties and the applicable legal standards are set forth in the *Berryman* decision. *Berryman*, 2018 WL 5723290, at *3-4. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, "establishes a 'strong federal policy in favor of the resolution of disputes through arbitration.'" *Id.*, at *3 (quoting *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003)). "[I]n deciding whether a party may be compelled to arbitrate under the FAA, [courts] first consider "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement," i.e., the abitrability of the claim. *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (internal quotation omitted). The first prong of this test is easily satisfied because there is an arbitration pending at AAA Case No. 011900008055 which Plaintiff filed in reliance upon the arbitration clause contained in the Offer of Employment from New Prospect Company and his corresponding concession that he must arbitrate any claims as of the date that agreement was executed, i.e., March 20, 2017. (*See* Docket No. 24 at 1).

The central dispute between the parties surrounds the second prong of the test as they debate whether Plaintiff's claims against Defendant prior to his execution of the agreement are also subject to arbitration. (*See* Docket Nos. 21; 24; 26; 29; 30). Most relevant to this issue is the recent decision in *Henry Schein, Inc.* wherein the Supreme Court held that,

> [w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529, 202 L. Ed. 2d 480 (2019). While the parties argue over the scope of the arbitration provision, *Henry Schein* controls the disposition of this motion because the parties have expressly agreed to the following:

2

> Arbitration of Claims. …. **The Arbitrator shall have exclusive authority to resolve** any dispute relating to the interpretation, applicability, or enforceability or formation of this Offer of Employment, including this Arbitration of Claims provision, any claim that all or part of this Offer of Employment is void or voidable, and **any assertion that a Claim in not subject to arbitration**.
>
> …
>
> Representative Action Waiver. … **To the extent there is a question of enforceability of class or collective arbitration, it shall be decided by an arbitrator pursuant to the Arbitration of Claims provision herein**.

(Docket No. 21-1 at 2-3 (emphases added)). Following binding Supreme Court precedent, which this Court must, "if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator," as in this case, this Court "may not decide the arbitrability issue," *Henry Schein*, 139 S.Ct. at 530, and the matter must be referred to arbitration. Accordingly, the Court will refer Plaintiff's individual claims to arbitration and stay such claims pending the arbitration. *See Berryman*, 2018 WL 5723290, at *10 (citing Fed. R. Civ. P. 1; 9 U.S.C. § 3*; Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 270 (3d Cir. 2004)) ("Rather than dismiss the case, the court will stay the action pending arbitration. This approach promotes greater judicial efficiency and effectuates the FAA's intent by requiring timely arbitration without allowing a lengthy appeal process at the outset.").

With respect to Plaintiff's collective and class action claims, the Court notes that it has enforced a similar class/collective action waiver in *Kubischta v. Schlumberger Tech. Corp.*, Civ. A. No. 15-1338, 2016 WL 3752917 (W.D. Pa. Jul. 14, 2016). To this point, there have been no opt-ins to this collective action and the matter has not been certified as a class action such that these claims are wholly reliant upon Plaintiff's ability to proceed to litigate his claims in this Court. (*See* Docket Report, Civ. A. No. 19-63). Given that Plaintiff's individual claims will be referred

to arbitration for the arbitrator to decide that issue, and the parties have further agreed that the arbitrator will determine whether Plaintiff waived the right to participate in a class or collective action, the Court finds that dismissal of the class/collective action claims, without prejudice, is in the interests of justice so that any non-parties are not affected by a stay of this matter. *See Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240 (3d Cir. 2013). Therefore, the collective and class action claims are dismissed, without prejudice.

For all of these reasons, Defendant's Motion [21] is GRANTED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: July 19, 2019

cc/ecf: All counsel of record.